**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| O.P.E.N. America Incorporated,<br><br>Petitioner,<br><br>v.<br><br>Ruth LLC, et al.,<br><br>Respondents. | No. CV-18-03780-PHX-JAT<br><br>**ORDER** |

The parties to the case before this Court are engaged in litigation involving the same contract in the Federal District Court in Colorado. The Colorado case was filed by Defendant Ruth herein on September 20, 2018. (Doc. 1 at 4). The case before this Court was filed on November 5, 2018.

> 'There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.' *Pacesetter Systems, Inc. v. Medtronic*, Inc., 678 F.2d 93, 94-5 (9th Cir. 1982). This doctrine, known as the first-to-file rule, 'gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.' *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The rule 'serves the purpose of promoting efficiency well and should not be disregarded lightly.' *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). . . . In applying the first-to-file rule, a court looks to three threshold factors: '(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues.' *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003). If the first-to-file rule does apply to a suit, the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 622 (9th Cir. 1991). 'Circumstances under which an exception to the first-to-file rule typically will be made include bad

faith, anticipatory suit and forum shopping.' *Id.* at 628 (internal citations omitted). [Another] exception to the first-to-file rule is when 'the balance of convenience weighs in favor of the later-filed action.' *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). This is analogous to the 'convenience of parties and witnesses' under a transfer of venue motion, 28 U.S.C. § 1404(a). *Med-Tec Iowa, Inc. v. Nomos Corp.*, 76 F.Supp.2d 962, 970 (N.D. Iowa 1999); *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 133 (S.D.N.Y. 1994). The court with the first-filed action should normally weigh the balance of convenience. *Alltrade Inc.*, 946 F.2d at 628.

*Intuitive Surgical Inc., v. California Institute of Technology*, 2007 WL 1150787, *2 (N.D. Cal. Apr. 18, 2007).

Based on the foregoing, the parties will be required to file supplemental briefs addressing whether this case should be dismissed under the first-to-file rule.[1] Therefore,

**IT IS ORDERED** that by May 10, 2019, the parties shall file supplemental briefs, not to exceed 10 pages, addressing whether this case should be dismissed under the first-to-file rule.

Dated this 26th day of April, 2019.

James A. Teilborg
Senior United States District Judge

---

[1] If Plaintiff seeks transfer, rather than dismissal, Plaintiff must argue why transfer is required in this case.

- 2 -