DAVID SELIGMAN (Colo. Bar No. 49394)
Towards Justice
1410 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 441-2236
david@towardsjustice.org
*Attorney for Respondents*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| O.P.E.N. America Inc., d/b/a OpenWorks;<br><br>Petitioner,<br><br>v.<br><br>Ruth LLC;<br>Ruth Mark;<br><br>Respondents. | No. 18-cv-03780-JAT<br><br>**RESPONDENTS' SUPPLEMENTAL BRIEF REGARDING WHETHER THIS CASE SHOULD BE DISMISSED UNDER THE FIRST-TO-FILE RULE § 4 (Oral Argument Requested)** |

For all the reasons Respondents have presented to this Court throughout their briefing in this case, the Court should deny OpenWorks's petition. Among other things, OpenWorks has not met its burden of establishing that the parties have entered into the agreement, ECF Doc. 14 at 3-7, and even if OpenWorks could establish contract formation, the agreement would still be unconscionable and unenforceable under federal and state law, *id.* at 7-14. Further, this Court does not have personal jurisdiction over Respondents. *Id.* at 15-16.

In addition to all these flaws with OpenWorks's petition, it is also improper under the first-to-file rule in light of ongoing litigation in the District of Colorado and the Tenth Circuit. *Mark v. OpenWorks*, 18-cv-02412 (D. Colo.); *O.P.E.N. AMERICAN, INC. d/b/a*

1

*OpenWorks v. Ruth Mark*, 19-1024 (10th Cir.). Those courts are currently addressing the precise issues before this Court: the enforceability of the arbitration agreement and which issues should be decided by the court in Colorado, which considered OpenWorks's motion to stay under 9 U.S.C. § 3, versus this Court, where the petition under 9 U.S.C. § 4 was filed.

The Court should therefore dismiss this petition under the first-to-file rule without prejudice to OpenWorks refiling in this District if the Tenth Circuit reverses the court in Colorado, and that court decides that the case there should be stayed. At the very least, out of concern for principles of judicial economy and comity, this Court should exercise its "broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 683 (1997), until the Tenth Circuit has resolved the questions currently before it on appeal from the Colorado court's denial of OpenWorks's motion to stay.

The first-to-file rule is a "doctrine of federal comity, which applies when two cases involving substantially similar issues and parties have been filed in different districts." *In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (internal quotation marks and citations omitted). Pursuant to the first-to-file rule, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Id.* In exercising such discretion, the courts consider the interests of "economy, consistency, and comity." *Ford v. [24]7.ai, Inc.,* No. 18-CV-02770-BLF, 2019 WL 570756, at *2 (N.D. Cal. Feb. 12, 2019) (internal quotation marks omitted).

There should be no dispute that the parties and issues in this litigation overlap substantially with the parties and issues in *Mark*. There is also no dispute that the District Court in *Mark* weighed in on the enforceability of the arbitration agreement by declining to

stay that action under 9 U.S.C. § 3 (providing that the court should issue a stay upon being satisfied "that the issue involved in such suit or proceeding is referable to arbitration under such an agreement"). Nonetheless, Petitioner will argue that the first-to-file rule should not apply here because the court in the District of Colorado does not have the authority to grant the precise relief that Respondent seeks with this petition: a court order compelling arbitration in Arizona. *See Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214, 1220 (10th Cir. 2005).

Respondents do not dispute that as a matter of Tenth Circuit law, the Colorado court could not order arbitration in Arizona, but that consideration is easily overwhelmed by the strong factors counseling in favor of dismissal under the first-to-file rule or a stay of this litigation pending the outcome in the Tenth Circuit.

*First*, while the Colorado court does not have the authority to order arbitration in Arizona, it does have authority to stay the case in Colorado pursuant to 9 U.S.C. § 3 "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration." An order staying that case and deferring to this Court questions regarding the enforceability of the arbitration provision would have removed first-to-file concerns. But the Colorado court declined to stay the case after concluding that the underlying dispute is not subject to the purported arbitration agreement, whether because the parties never entered into the agreement or because, even if the parties had entered into the agreement, the agreement is unenforceable. Concerns of comity and economy counsel against this Court addressing those issues again.

*Second*, counseling strongly in favor of application of the first-to-file rule in this case is the fact that the precise issues at stake in this case—(1) the enforceability of the arbitration

3

agreement and (2) which courts decide which issues in cases where a motion under 9 U.S.C. § 3 and a petition under 9 U.S.C. § 4 are concurrently pending in different federal courts—is being actively litigated in the Tenth Circuit Court of Appeals, *O.P.E.N. AMERICAN, INC. d/b/a OpenWorks v. Ruth Mark*, 19-1024 (10th Cir.), after having already been resolved in the first instance by the District of Colorado. The first-to-file rule is designed precisely for situations like these to permit courts to exercise their discretion to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999).

      This Court need not address issues that are being actively litigated in other courts. It may exercise its discretion to dismiss this petition or stay it pending resolution of OpenWorks's appeal in the Tenth Circuit.

DATED this 1st day of February, 2019.

Respectfully Submitted,

s/ *David H. Seligman*
David H. Seligman
Towards Justice
1410 High Street, Suite 300
Denver, CO 80218
Tel.: 720-248-8426
Fax: 303-957-2289
Email: david@towardsjustice.org

**Certificate of Service**

I hereby certify that on May 10, 2019 I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5 by filing the forgoing using the Court's CM/ECF electronic filing system.

                                               s/David H. Seligman
                                               David H. Seligman