# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| O.P.E.N. America Incorporated, | No. CV-18-03780-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Ruth LLC, et al., | |
| Respondents. | |

On May 16, 2019, the Court issue the following Order:

On November 5, 2018, Petitioner filed a petition to compel arbitration. (Doc. 1). On February 11, 2019, Respondents responded to the petition. (Doc. 14). In their response, Respondents argued against compelling arbitration for various reasons and also moved to dismiss for lack of personal jurisdiction. (*Id*.). Respondents' motion to dismiss for lack of personal jurisdiction is premised on their arguments that either the franchise agreement as a whole, or alternatively the arbitration provision therein, is unenforceable. (*Id*.).

Petitioner responded to the motion to dismiss for lack of jurisdiction arguing that Ms. Marks' activities with the forum of Arizona were sufficient to establish personal jurisdiction. (Doc. 15). However, for reasons the Court cannot fathom, Petitioner completely ignored Respondents' primary arguments regarding the enforceability of the franchise agreement or the arbitration provision therein. [footnote omitted]. The time to reply in support of the petition to compel arbitration has long passed.

Because, as indicated above, the premise of Respondents' motion to dismiss for lack of jurisdiction is the unenforceability of the franchise agreement, the Court will require Petitioner to reply to the arguments in Doc. 14. If Petitioner fails to reply within the timeline set herein, the Court will deem the failure to reply to be a concession that the contract and/or the arbitration provision is unenforceable. [footnote omitted]

Further, in Doc. 14, Respondents advised the Court that Petitioner argued in the Colorado case that there is a signed or fully executed version of the franchise agreement in existence. The Court has not located any such document in this record. If such document exists, Petitioner must include a copy of it with the to-be-filed Reply. Additionally, Petitioner must include

> an affidavit of someone with personal knowledge advising the Court of the exact date it was executed by Petitioner's representative, the location at which it was executed, by whom it was executed, and whether there was a witness (as the contract seems to anticipate) and who the witness was, if any. If no such document is provided, the Court will deem that to be a concession that the copy currently on file, (Doc. 1-2 at 4-60) executed by only Ms. Marks, is the only version.
> Based on the foregoing,
> **IT IS ORDERED** that Petitioner shall file a reply in support of its Petition (Doc. 1) addressing the arguments in Doc. 14 (and including the documentation required above) by Monday, May 20, 2019.

(Doc. 20).

Petitioner timely filed the reply requested by the Court but did not provide all of the information sought by the Court. Specifically, Petitioner did not state: 1) the date on which Petitioner's representative signed the contract; 2) the location at which the contract was executed; or 3) whether anyone witnessed Petitioner's agent signing the contract. In the reply, Petitioner included that it did not file a reply sooner because, "[Petitioner] in good faith believed that pursuant to §4 ("[i]f the making of the arbitration agreement…be in issue, the court shall proceed summarily to the trial thereof"), its Petition would proceed to a trial based upon the arguments raised in Respondents' Objection to Petition to Compel Arbitration Pursuant to 9 U.S.C. §4…." (Doc. 21 at 2). The Court is unclear whether Petitioner intends to introduce the additional evidence requested by the Court at trial.

Separately, in the response to the Petition to Compel Arbitration, Respondents state, "Respondents object to any attempt by Petitioner to submit a new version of the Agreement subsequent to this filing." (Doc. 14 at 6). Further, Respondents state, "Respondents would at the very least be entitled to discovery and trial on the formation question." (Doc. 14 at 6). Finally, Respondents state, "even if OpenWorks is permitted to submit a new version of the Agreement that does contain its signature, that Agreement would at most create an issue of fact regarding the "making of the arbitration agreement," which, pursuant to 9 U.S.C. § 4, must be resolved by trial." (Doc. 14 at 7).

Thus, the parties appear to agree that their disputes must be resolved by trial. Additionally, Respondents seeks discovery prior to trial. Petitioner has declined to provide the information required by the May 16, 2019 Order; thus, the Court finds discovery is

- 2 -

necessary for evidentiary development prior to trial.

Accordingly, the Court will set a discovery and trial schedule. Further, the Court will set a briefing schedule for after the close of discovery. Finally, during this discovery phase, to the extent either party believes that discovery on the issue of personal jurisdiction is necessary for the Court to resolve the motion to dismiss for lack of personal jurisdiction, the parties must also complete any personal jurisdiction discovery within this time period.

To be absolutely clear, as the Court stated in its prior order quoted above, the Court finds the issue of contract formation and the enforceability of the arbitration clause to be the premise of Plaintiff's personal jurisdiction arguments and therefore necessary to consider as part of the motion to dismiss for lack of personal jurisdiction. Thus, by neither this Order, the discovery to be engaged in, nor the trial are Respondents waiving their personal jurisdiction argument. That being said, if Respondents choose to re-file their motion to dismiss for lack of personal jurisdiction, it must be a free-standing motion that addresses the test for personal jurisdiction and the facts Petitioner argues support personal jurisdiction (Doc. 15) regardless of contract enforceability. Further, Respondents must address whether they concede that if the contract is enforceable, they have consented to personal jurisdiction in Arizona. Finally, both Petitioner and Respondents must treat to two Respondents separately for purposes of the personal jurisdiction analysis when addressing their respective contact with this forum.

Finally, regarding the first-to-file rule, at the same time the renewed petition to compel arbitration and the renewed motion to dismiss for lack of personal jurisdiction are filed, Respondents may also file a separate motion to dismiss under the first-to-file rule if they deem such a motion to be appropriate.

To aid the Court in scheduling all of the foregoing, the parties must meet and confer and file a proposed joint case management plan within the deadline set below detailing the following:

1. The date by which they will complete discovery.[1]

---

[1] Based on the foregoing, the Court has determined it will allow discovery. Thus, Petitioner should not use the proposed joint case management plan to oppose discovery.

2. A brief description of the anticipated discovery. The parties should note that discovery should only go to personal jurisdiction in Arizona (if necessary), contract formation, and unconscionability. This is not the forum in which to engage in discovery which impacts the Colorado litigation.

3. The deadline by which they will file the renewed motion to compel arbitration; the renewed motion to dismiss for lack of personal jurisdiction; and any motion to dismiss based on the first-to-file rule.

4. At least 2 proposed trial dates on which the parties and their counsel will be available for trial (these dates must be at least 60 days after the date in number 3). The parties must also include an estimated length of trial.[2]

5. Any other case specific deadlines the parties anticipate being necessary in this case.

Based on the foregoing,

**IT IS ORDERED** that the proposed joint case management plan is due by June 3, 2019.

**IT IS FURTHER ORDERED** that because evidentiary development is necessary, the pending petition to compel arbitration and motion to dismiss for lack of personal jurisdiction (Docs. 1 and 14) are denied without prejudice, to be re-filed as indicated above.

Dated this 23rd day of May, 2019.

_James A. Teilborg_
Senior United States District Judge

---

[2] It is the Court's understanding that this will be a bench trial. If either party disagrees, they must state that disagreement in the proposed case management plan.