# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| O.P.E.N. America Incorporated,<br><br>Petitioner,<br><br>v.<br><br>Ruth LLC, et al.,<br><br>Respondents. | **NO. CV-18-03780-PHX-JAT**<br><br>**SCHEDULING ORDER** |

As ordered by the Court, the parties filed a joint Proposed Case Management Plan. (Doc. 23). The Court now sets the deadlines in this case as follows:

**IT IS ORDERED** that all discovery, including depositions of parties, witnesses, answers to interrogatories, and supplements to interrogatories must be completed by September 6, 2019. In no event, however, shall this provision alter the duties and obligations imposed on the parties by Federal Rule of Civil Procedure 26(e). This Order contemplates that each party will conduct discovery in an expeditious manner so as to **complete, within the deadline, any and all discovery**.[1] Further, in responding to Requests for Admissions, Requests for Production, or Interrogatories, the parties are

---

[1] The Court will not entertain discovery disputes after the close of discovery barring extraordinary circumstances. Therefore, the parties shall **complete** all discovery by the deadline set forth in this Order (**complete** being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

cautioned that the Federal Rules of Civil Procedure do not permit "general" or "global" objections. Accordingly, the Court will not consider nor rule on objections that are not specific to the individual request propounded. The Court adopts the limitations on discovery set forth by the parties in Doc. 23 at page 2. Because the parties did not propose any expert deadlines in this case, no experts shall be permitted.

**IT IS FURTHER ORDERED** that notwithstanding any provisions of the Federal Rules of Civil Procedure or any other provisions of this Order, non-party witnesses shall **not** be permitted to attend, either physically, electronically, or otherwise, the deposition of any other witness in this case without an Order of this Court to the contrary.

**IT IS FURTHER ORDERED** reminding counsel of their duty under Rule 26(e) of the Federal Rules of Civil Procedure to supplement discovery responses within the 30-days-from-discovery-or-revelation deadline set in Doc. 4 at 5-6, ¶8. The Court requires that all evidence to be offered at trial (other than impeachment evidence) be contained in the Joint Proposed Final Pretrial Order. Therefore, all exhibits and witnesses that may be offered at trial must be disclosed before the discovery deadline and sufficiently in advance of the deadline that meaningful discovery necessitated by such disclosures can reasonably be completed before the discovery deadline. This Order therefore supersedes the "thirty-day before trial" disclosure deadline contained in Rule 26(a)(3) and the "by the fact discovery" default deadline contained in Gen. Ord. No. 17-08. Therefore (1) failure to have timely supplemented a discovery response, including but not limited to witnesses and exhibits, (2) failure to have timely supplemented responses to any other valid discovery requests, or (3) attempting to include any witnesses or exhibits in the **joint** Proposed Final Pretrial Order that were not previously disclosed in a timely manner so as to allow for meaningful discovery prior to the discovery deadline set forth in this Order, may result in the exclusion of such evidence at trial or the imposition of other sanctions (including attorneys' fees).

**IT IS FURTHER ORDERED that discovery motions are prohibited**. In the event of a discovery dispute, the parties shall jointly contact the Court via conference call

to request a telephonic conference. The parties shall not contact the Court regarding a discovery dispute unless they have been unable to resolve the dispute themselves after personal consultation[2] and sincere efforts to do so, **and they are prepared to state to the court that they agree what is in dispute.** The parties shall not file any written materials related to a discovery dispute without express leave of Court. If the Court does order written submissions, the movant shall include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere efforts to do so in accordance with Civil Local Rule 7.2(j).

**IT IS FURTHER ORDERED** that Petitioner will file its Motion to Compel Arbitration Pursuant to 9 U.S.C. § 4 and Respondents may renew their motions to dismiss for lack of personal jurisdiction and any motion to dismiss based on the first-to-file rule by September 13, 2019.

The Court notes the parties also propose this same deadline for filing motions for summary judgment. However, as the Court previously noted, the parties both previously agreed that the Petition to Compel Arbitration had to proceed summarily to trial. (Doc. 22 at 2). The parties now propose to add a completely unrealistic summary judgment deadline by proposing a deadline that would have their summary judgment motions fully briefed a mere 11 business day before their proposed trial date. Further, given that the parties agree that this case must proceed to trial, the Court sees no purpose in side tracking the case to consider summary judgment motions. Finally, given (as the Court has already discussed at Doc. 22) that whether there is personal jurisdiction is intertwined with whether the arbitration provision is enforceable, the Court sees no practical method for deciding a summary judgment motion prior to ruling on Plaintiff's objection to personal jurisdiction. For all of these reasons, the Court will not entertain pre-trial summary judgment motions in this case.

**IT IS FURTHER ORDERED** that the Court notes that Respondents argue this will

---

[2] If represented by counsel, lead counsel must be on the conference call and have participated in the personal consultation.

- 3 -

be a trial to a jury.[3] Petitioner does not appear to take a position on this issue, perhaps because there is agreement among the parties on this issue. The parties shall, by September 13, 2019, file a joint brief on whether they agree that this will be a trial to a jury, whether the demand for jury trial was timely made, and if there is a dispute as to whether this will be a jury trial, authority supporting their respective positions.

**IT IS FURTHER ORDERED** setting Trial for Tuesday, November 19, 2019 at 9:00 a.m. This will presumptively be a jury trial, subject to the briefing required above.

**IT IS FURTHER ORDERED** that the Order Setting Final Pretrial Conference will: (1) set deadlines for the filing of and response to motions in limine; (2) instruct the parties on their duties in preparing for the Final Pretrial Conference and for trial; and (3) include a form for the completion of the parties' **joint** Proposed Final Pretrial Order.

**IT IS FURTHER ORDERED** that all motions for an award of attorneys' fees shall be accompanied by an electronic spreadsheet, to be e-mailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested so as to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its memorandum of points and authorities filed in support of its motion. A party opposing a motion for attorneys' fees shall e-mail to the Court and opposing counsel a copy of the moving party's spreadsheet adding any objections to each contested billing entry (next to each row, in an additional column) so as to enable the Court to efficiently review the objections and recompute the total amount of any award after disallowing any individual

---

[3] "Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose." 9 U.S.C. § 4.

billing entries. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

Dated this 6th day of June, 2019.

James A. Teilborg
Senior United States District Judge